T.C. Summary Opinion 2018-8

UNITED STATES TAX COURT

IBRAHIM ABDEL-FATAH AND RAIDA ABDEL-FATAH, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27123-16S.                    Filed March 6, 2018.

Ibrahim Abdel-Fatah and Raida Abdel-Fatah, pro sese.

<u>Katherine Holmes Ankeny</u> and <u>Daniel J. Daugherty</u>, for respondent.

SUMMARY OPINION

THORNTON, <u>Judge</u>:  This case was heard pursuant to the provisions of

section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]

---

[1]All section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $6,116 deficiency and a $1,223 accuracy-related penalty with respect to petitioners' 2013 Federal income tax. Respondent now concedes that petitioners are not liable for the accuracy-related penalty.

The deficiency resulted from respondent's disallowance of petitioners' claimed $3,116 education credit and $3,000 American opportunity credit, based upon respondent's determination that petitioners had failed to substantiate any amount of qualified tuition and related expenses. Respondent now concedes that petitioners have substantiated $1,690 of qualified tuition and related expenses. The question is whether they have substantiated any greater amount.

## Background

The parties have stipulated some facts, which we incorporate by this reference.

During 2013 Ms. Adbel-Fatah was a student at the Islamic Institute of Orange County (IIOC). IIOC did not issue a Form 1098-T, Tuition Statement, to Ms. Abdel-Fatah.

During 2013 petitioners' son and daughter were enrolled at Mt. San Antonio College (Mt. SAC). Mt. SAC issued Forms 1098-T for both petitioners' son and

daughter. The Forms 1098-T, in boxes labeled "1 Payments Received" and "2 Amounts Billed for qualified tuition and related expenses", were empty. The Forms 1098-T at the box labeled "8 Check if at least half time student" were marked with an "X" for both petitioners' son and daughter.

Petitioners timely filed their 2013 Form 1040, U.S. Individual Income Tax Return. On the Form 8863, Education Credits (American Opportunity and Lifetime Learning Credits), petitioners claimed the nonrefundable education credit of $3,116 and the refundable American opportunity credit of $3,000. The claimed education credits resulted from petitioners' claimed qualified education expenses of $4,000 each for Ms. Abdel-Fatah, petitioners' son, and petitioners' daughter.

In the notice of deficiency respondent disallowed, for lack of supporting information, petitioners' claimed education credits. While residing in California, petitioners timely petitioned the Court.

## Discussion

The Commissioner's determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving those determinations erroneous. Rule 142(a); see INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933). Credits, like deductions, are a matter of legislative grace, and the taxpayer bears the burden of

proving entitlement to any deduction or credit claimed.  Deputy v. du Pont, 308 U.S. 488, 493 (1940).

The American opportunity credit is a modified version of the Hope Scholarship Credit.  Sec. 25A(i).  The American opportunity credit provides for a credit against tax equal to "(A) 100 percent of so much of the qualified tuition and related expenses paid by the taxpayer during the taxable year * * * as does not exceed $2,000, plus * * * 25 percent of such expenses so paid as exceeds $2,000 but does not exceed $4,000."  Sec. 25A(i)(1).  The credit phases out for a taxpayer whose modified adjusted gross income exceeds $80,000, or $160,000 for married taxpayers filing joint returns.  Sec. 25A(i)(4).  In addition, up to 40% of this credit may be refundable.  Sec. 25A(i)(5).

The term "qualified tuition and related expenses" includes tuition and fees at an eligible educational institution that the taxpayer, the taxpayer's spouse, or the taxpayer's dependent attends, as well as course materials.  Sec. 25A(f)(1), (i)(3).  The credit cannot be applied to expenses for student activity fees, athletic fees, insurance expenses, and other expenses not related to an academic course of instruction unless the fees are a required condition of the student's attendance or enrollment and are not inherently personal.  Sec. 25A(f)(1)(C); sec. 1.25A-2(d)(1), (3), Income Tax Regs. (stating that personal expenses such as insurance and

medical costs are not qualified even if the fee must be paid to the education institution as a requisite of enrollment or attendance).

A taxpayer ordinarily must maintain adequate records to substantiate claimed deductions or credits. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); sec. 1.6001-1(a), (e), Income Tax Regs. If a taxpayer establishes that a deductible expense has been paid or incurred but is unable to substantiate the precise amount, we generally may estimate the amount of the deductible expense, bearing heavily against the taxpayer responsible for the inexactitude. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). We cannot estimate deductible expenses, however, unless the taxpayer presents evidence providing a sufficient basis for making an estimate. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). Without such basis, any allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

To substantiate the claimed education expenses for petitioners' son and daughter, petitioners offered copies of the Forms 1098-T, school account summaries, and credit card statements. Petitioners did not provide any documentation to substantiate Ms. Abdel-Fatah's claimed education expenses. On the basis of the foregoing, respondent conceded that petitioners substantiated

$1,690 in qualified tuition and related expenses. Petitioners have not produced records of tuition payments or educational expenses greater than those conceded by respondent and therefore have not met their burden of proof with respect to any additional amount. Accordingly, we hold that petitioners are entitled to education credits only as attributable to $1,690 of qualified tuition and related expenses.

To reflect the foregoing,

Decision will be entered under

Rule 155.